Hon. Thomas T. Glover
Chapter 7
Hearing Location: Marysville, WA
Hearing Date: January 27, 2010
Hearing Time: 9:30 AM
Response Date: January 20, 2010

# UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: LINDA MARIE BODEN,<br><br>Debtor. | Bk. No. 09-22675-TTG<br><br>OBJECTION TO MOTION FOR RELIEF FROM STAY BY JP MORGAN/CHASE BANK BY COGDILL NICHOLS REIN WARTELLE ANDREWS |

1. <u>Introduction</u>. Creditor Cogdill Nichols Rein Wartelle Andrews, the Debtor's former attorneys, file this objection pursuant to 11 USC 362 to JP Morgan/Chase Bank's ("Chase's") motion for relief from stay, which would allow it to hold a nonjudicial foreclosure sale of the Estate's most valuable asset: the real property located at 20226 Danvers Road SW in Lynnwood, WA (the "Real Property"). Chase has failed to meet its burden to show the absence of equity in the Real Property supporting such relief. Rather, all available information evidences the existence of an "equity cushion" and "adequate protection" for Chase's lien position, supporting denial of its motion. Further, weighing the potential prejudice to unsecured creditors against Chase's minimal risks likewise mitigates against granting Chase's motion.

2. <u>Chase Provides No Support for Valuation</u>. In its motion, Chase provides no basis for valuing the involved Real Property at $900,000 apart from the figure contained in the

OBJECTION -- 1

Debtor's filings. Chase offers no independent appraisal or comparative market analysis to support that value. In fact, as discussed below, all available information indicates an exponentially higher value for that Real Property. Chase has not met is burden to show the absence of either equity in the Real Property or adequate protection for its lien. 11 USC § 362(g); In re First Century Trust Co., 12 BR 204 (1981). Chase's motion for relief from stay should be denied.

3. <u>Chase's Motion Grossly Undervalues Real Property</u>. Chase's motion grossly undervalues the Real Property at issue. The current tax assessed value, transactional history and independent appraisals show such undervaluation. Chase's motion for relief from stay should be denied.

    a. <u>Tax Assessed Value Shows Undervaluation by Chase</u>. After performing an appraisal, the Snohomish County Tax Assessor valued the Real Property at $2,460,500 for 2010.[1] No basis exists for Chase's (unsupported) estimate of $900,000.

    b. <u>Transactional History Evidences Undervaluation by Chase</u>. In June of 2005, the Debtor signed an agreement to sell the Real Property, along with the much smaller adjacent parcel, for $5,125,000.[2] The purchaser under that agreement assigned it to a third party for $9,100,000 in February of 2006.[3] The assignee under that assignment then sold the Real Property to another third party for $12,200,000 in February 2006.[4] It bears noting the involved Real Property spans nearly 8 acres and could be developed (with the corresponding smaller

---

[1] Declaration of Patrick Vail at Exhibit A.
[2] Id. at Exhibits B (at ¶ 20) and C.
[3] Id. at Exhibits B (at ¶ 20) and D.

OBJECTION -- 2

COGDILL NICHOLS REIN WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax: (425) 259-6435

adjacent lot into 97 residential condominium units).[5] Thus, between 2005 and 2006, the Real Property (plus the far smaller adjacent parcel) could be sold in the range of between $5,125,000 and $9,100,000, and possibly as much as $12,200,000. It would be unprecedented for the Real Property to have lost between 82% and 93% of its fair market value over the last three years. Even given market correction, Chase's assertion the Real Property could only be sold for $900,000 in today's market has no merit.

    c. <u>Independent Appraisals Indicate Undervaluation by Chase</u>. The $5,125,000 sale of the Real Property by the Debtor to the involved buyer resulted in a lawsuit in Snohomish County Superior Court for specific performance and damages.[6] Trial in that matter occurred in June and July of 2009.[7] At trial, the licensed real estate appraisers retained by both the Debtor and buyer offered opinions the value of the Real Property (and much smaller adjacent lot) as of November 2, 2006 equaled $6,994,000 and $9,700,000, respectively.[8] Again, Chase's claim the Real Property has a value of between a seventh and a tenth of its worth just three years ago finds no support in any independent valuation. The Court should deny Chase's motion for relief from stay.

  4. <u>Because the Real Property Contains an "Equity Cushion" Providing "Adequate Protection" for Chase's Lien Position, its Motion Should be Denied</u>. The Court should deny Chase's motion because the Real Property has an "equity cushion" which provides "adequate

---

[4] Id. at Exhibits B (at ¶ 20) and E. The $12,200,000 price assumed the completion of certain entitlement work necessary to subdivide the parcel so it could accommodate a 97 unit development.
[5] Id. at Exhibit B (at ¶ 22).
[6] Snohomish County Superior Court No. 06-2-12491-8; Court's Findings of Fact and Conclusions of Law attached as Exhibit B to the Declaration of Vail.
[7] Id. at Exhibit B.
[8] Id. at Exhibits F and G.

OBJECTION -- 3

COGDILL NICHOLS REIN WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax: (425) 259-6435

protection" for Chase's lien position. "[I]t has been held that the existence of an equity cushion, standing alone, can provide adequate protection" which justifies "the restrained of lien enforcement by the bankruptcy court." In re Mellor, 734 F.2d 1396 (9th Cir. 1984)(citing In re Curtis, 9 BR 110 (1981); In re Tucker, 5 BR 180 (1980)). Here, the lowest possible independent valuation of the Real Property consists of the tax assessed value of $2,460,500, which would provide an "equity cushion" to Chase of $1,560,500. If the Court instead followed the valuations for that Property established by the transactional history and independent appraisals, that "equity cushion" would rise to between $4,225,000 and $11,300,000. Clearly, Chase cannot reasonably complain it lacks "adequate protection" for its lien position. The court should deny its motion.

5. <u>The Interests of Unsecured Creditors Supports Denial of Chase's Motion</u>. The interests of unsecured creditors strongly mitigates against granting Chase's motion for relief from stay. The potential harm to Chase as a secured creditor must "be balanced against the needs of the Debtor and the interests of unsecured creditors." First Century Trust Co., 12 BR 204. Here, if it granted Chase's motion for relief from stay, the Court would be conceding the loss of the most valuable asset in the Estate. The ability of unsecured creditors to collect would be almost entirely lost. Given the potentially vast "equity cushion" and "adequate protection" enjoyed by Chase, weighing its risks against the guaranteed prejudice to the unsecured creditors strongly supports denying Chase's motion.

6. <u>Conclusion</u>. Based on the foregoing, the Court should deny Chase's motion for relief from stay.

OBJECTION -- 4

COGDILL NICHOLS REIN WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax: (425) 259-6435

Respectfully submitted this 18th day of January, 2010.

Cogdill Nichols Rein Wartelle Andrews

_____
W. Mitchell Cogdill, WSBA #1950
Patrick Vail, WSBA #34513

OBJECTION -- 5

CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2010, I electronically filed the foregoing **OBJECTION TO MOTION FOR RELIEF FROM STAY BY JP MORGAN/CHASE BANK BY COGDILL NICHOLS REIN WARTELLE ANDREWS** with the Clerk of the Court for the United States Bankruptcy Court for the Western District of Washington at Seattle using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the Bankruptcy Court CM/ECF system:

    Aaron Masser
    James Miersma
    Thomas D. Neeleman

I certify under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

SIGNED at Everett, Washington, this 20th day of January, 2010.

    /s/____Sue Egbert_____
        Paralegal to W. Mitchell Cogdill
        Cogdill Nichols Rein Wartelle Andrews
        3232 Rockefeller Ave.
        Everett, WA 98201
        Tel: (425) 259-6111
        sue@cnrlaw.com